UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CURTIS JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:13-cv-1378-TWP-MJD |
| ) | |
| INDIANA DEPARTMENT OF CORRECTION, ) | |
| COMMISSIONER BRUCE LEMMON, ) | |
| CORRECTIONAL OFFICER COOKE, ) | |
| CORRECTIONAL OFFICER AIGHT, ) | |
| SGT. RENFRO, LT. LUNDY, and UNKNOWN ) | |
| CORRECTIONAL STAFF MEMBERS, all in ) | |
| their individual and official capacities, ) | |
| ) | |
| Defendants. ) | |

**ENTRY DISMISSING INSUFFICIENT CLAIMS AND DIRECTING FURTHER PROCEEDINGS**

**I. BACKGROUND**

Because plaintiff Curtis Jackson ("Mr. Jackson") is a "prisoner" as defined by 28 U.S.C. ʹ 1915(h), the Court has screened his Complaint as required by 28 U.S.C. ʹ 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). Mr. Jackson's claims are brought pursuant to 42 U.S.C. § 1983. He names seven defendants: 1) the Indiana Department of Correction; 2) Commissioner Bruce Lemmon; 3) Correctional Officer Cooke; 4) Correctional Officer Aight; 5) Correctional Sgt. Renfro; 6) Correctional Lieutenant Lundy; and 7) unknown correctional staff.

**II. DISCUSSION**

To satisfy the notice-pleading standard of Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must provide a "short and plain statement of the claim showing that the

pleader is entitled to relief." Such statement must provide the defendant with "fair notice" of the claim and its basis. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted). Pro se complaints such as that filed by Mr. Jackson are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

A. The claims against unknown defendants are dismissed for failure to state a claim upon which relief can be granted because bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. The Seventh Circuit has held that "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted).

B. The claims against the Indiana Department of Correction and against the individual defendants in their official capacities are dismissed because the State (or a state agency) cannot be sued in federal court under Indiana's Eleventh Amendment immunity. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *Omosegbon v. Wells*, 335 F.3d 668, 673 (7th Cir. 2003); *Billman v. Indiana Dept. of Corrections,* 56 F.3d 785, 788 (7th Cir. 1995).

C. The claim against Commissioner Bruce Lemmon is dismissed for failure to state a claim upon which relief can be granted because Mr. Jackson does not allege sufficient personal participation in any constitutional violation on the part of this defendant. Without personal

liability, there can be no recovery under 42 U.S.C. ' 1983. *Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) (ASection 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise.") (internal citation omitted). "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy,* 593 F.3d 610, 622 (7th Cir. 2010).

D.    The following claims shall proceed against the following defendants in their individual capacities:

   1)    Mr. Jackson's claim that Officer Cooke used excessive force against him, which was motivated by racial animus, on August 29, 2012, at Wabash Valley Correctional Facility;

   2)    Mr. Jackson's claim that Officer Aight failed to protect him when Officer Cooke was using excessive force, and denied Mr. Jackson's requests for medical treatment; and

   3)    Mr. Jackson's claims that Sgt. Renfro and Lt. Lundy were deliberately indifferent to his requests for medical treatment.

At this time, no final judgment shall issue as to the claims dismissed in this Entry.

### III.  CONCLUSION

The claims against the Indiana Department of Correction, Commissioner Bruce Lemmon, the unknown correctional staff members, and against the individual defendants in their official capacities are **DISMISSED**.

The claims against Officer Cooke, Officer Aight, Sgt. Renfro, and Lt. Lundy in their individual capacities **SHALL PROCEED**.  The Clerk shall issue and serve process on defendants Officer Cooke, Officer Aight, Sgt. Renfro, and Lt. Lundy in the manner specified by

Fed. R. Civ. P. 4(d)(2). Process in this case shall consist of the Complaint filed on August 28, 2013 (Dkt. 1), applicable forms, and this Entry.

**SO ORDERED.**

Date: 01/09/2014

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Curtis Jackson, #973802
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, Indiana  46064

Officer Cooke
Officer Aight
Sgt. Renfro
Lt. Lundy
c/o Wabash Valley Correctional Facility
P. O. Box 500
Carlisle, Indiana  47838

**NOTE TO CLERK: PROCESSING THIS DOCUMENT REQUIRES ACTIONS IN ADDITION TO DOCKETING AND DISTRIBUTION.**