UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CURTIS JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:13-cv-1378-TWP-MJD |
| ) | |
| COOKE , et al., ) | |
| ) | |
| Defendants. ) | |

**Entry Granting Motions for Entry of Default and Directing Further Proceedings**

**I. Entry of Default**

This matte is before the Court on Plaintiff Curtis Jackson's Requests for an Entry of Default [dkt 122 and 129]. In the Entry of April 5, 2016, the Court detailed Defendant Cooke and Defendant Christopher Aydt's delinquencies in litigating this action. Cooke and Aydt were given a period of time in which to show good cause why default should not be entered against them. [dkt. 135]. Aydt has responded asserting that he has not received paperwork from the Court or the plaintiff because it was mailed to the wrong address. Aydt states that mail was sent to 512 Meridian Street, instead of his address of 215 Meridian Street. However, this assertion is not supported by this Court's record. For example, the plaintiff provided a verified certificate of service in his Request for Entry of Default in which he states that he mailed the Request for Default to 215 Meridian Street. Dkt 122. In addition, the Court issued an Entry and Notice to Aydt on January 4, 2016, notifying him of his responsibility to file an answer or responsive pleading to the complaint. The Distribution on that Entry indicates that it was sent to 215 Meridian Street. Dkt. 119. Further, this Court received no notice that this Entry was returned as undeliverable to Aydt. Lastly, Aydt was warned in the Notice of Lawsuit and Request to Waive Service of a Summons of his

responsibility to file an answer or responsive pleading (Dkt. 106), but he failed to timely do so. Aydt has thus been given multiple warnings that his failure to timely respond to the complaint could result in the issuance of a default against him.

Accordingly, the plaintiff's Requests for an Entry of Default [dkt 122 and 129] are **granted** to the extent that the **clerk shall** issue an entry of default against Aydt consistent with Rule 55(a) of the *Federal Rules of Civil Procedure*.

Cooke has not responded to the plaintiff's motion to strike or the Court's Entry directing him to show cause why his answer should not be stricken. Accordingly, the plaintiff's motion to strike Cooke's answer [dkt 125] is **granted**. The **clerk shall** issue an entry of default against Cooke consistent with Rule 55(a) of the *Federal Rules of Civil Procedure*.

## II. Further Proceedings

When default has been entered pursuant to Rule 55(a), unless the damages are certain, the Court must determine the amount of damages that are appropriate. The plaintiff shall have **through June 15, 2016**, in which to provide evidence of the damages he alleges that defendants Cooke and Aydt are responsible for. Cooke and Aydt will have **twenty-one days** in which to respond as to the amount of damages alleged. The Court will then conduct whatever further proceedings are necessary.

Date: 5/12/2016

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Curtis Jackson
973802
Pendleton Correctional Facility
Electronic Service Participant – Court Only

Cooke
2500 E. Cotton Dr.
Pimento, IN 47866

Christopher Aydt
215 Meridian St.
Worthington, IN 47471